**Gaylene R. PARTAIN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 03–3081.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 9, 2003.

Before MAYER, Chief Judge,
CLEVENGER and BRYSON, Circuit
Judges.

PER CURIAM.

Gaylene R. Partain seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the denial by the Office of Personnel Management ("OPM") of her request to adjust the amount of her former spouse survivor annuity benefit. *Partain v. Office of Pers. Mgmt.*, No. DA0831010713–I–1, 93 M.S.P.R. 305, 2002 WL 31424768 (M.S.P.B. Oct. 23, 2002). We *affirm.*

I

On February 17, 1994, Gaylene R. Partain and Billy J.E. Partain were divorced by an Oklahoma state court decree which specified the share of Billy Partain's monthly retirement annuity and survivor annuity that Ms. Partain would receive. Billy Partain retired from his position in the United States Postal Service on December 31, 1999, and OPM determined on April 20, 2000, that Ms. Partain's share of her former husband's retirement annuity would be $334.05 per month and that she would receive a $184 monthly survivor annuity benefit.

On March 12, 2001, and again on June 27, 2001, Ms. Partain obtained Orders Nunc Pro Tunc from the divorce court, which amended the formula for determining her share of her former husband's retirement annuity and her monthly survivor annuity benefit. Ms. Partain submitted those Orders to OPM, which, pursuant to 5 C.F.R. § 838.225(a), adjusted Ms. Partain's share of her former husband's monthly retirement annuity. However, OPM denied adjustment of her monthly survivor annuity benefit, and Ms. Partain appealed this denial to the Board.

## II

■ The Administrative Judge assigned to the appeal issued a decision on December 26, 2001, affirming OPM's reconsideration denial of Ms. Partain's request to adjust the monthly survivor annuity benefit. The Administrative Judge relied on statute, regulation, and case law to affirm OPM's decision. Under 5 U.S.C. § 8341(h)(1), a former spouse of a retired annuitant is entitled to a survivor annuity to the extent provided for in a court-approved property settlement agreement, such as the one that accompanied the Partain divorce. 5 U.S.C. § 8341(h)(1) (2000). Section 8341(h)(4), however, provides that a modification of any such court-approved property settlement agreement dealing with a survivor annuity shall not be effective if the modification is made after the employee dies or retires. *Id.* § 8341(h)(4). By regulation, OPM has provided that a court order issued after an annuitant's retirement and modifying the first order dividing the marital property is not acceptable for processing. *See* 5 C.F.R. § 838.806(a) (2002). We have held that both the statute and regulation mean what they say, namely that court orders entered after an employee retires or dies cannot modify the first order entered that specifies the former spouse survivor annuity. *See Hokanson v. Office of Pers. Mgmt.,*

122 F.3d 1043, 1047 (Fed.Cir.1997). The Administrative Judge therefore concluded that, because both Orders Nunc Pro Tunc were issued after Ms. Partain's former husband retired, they were not effective to change the 1994 order that first determined her share of the survivor annuity.

■ In addition, the Administrative Judge addressed and decided Ms. Partain's argument that she had been prejudiced by the failure of OPM to comply with the requirements of 5 C.F.R. § 838.722(a). Section 838.722(a) provides that when OPM receives a court order awarding a former spouse survivor annuity of a *retired* annuitant, it will, among other things, specify the amount of the survivor annuity the former spouse would receive if the retiree would die immediately. 5 C.F.R. § 838.722(a) (2002). In 1995, OPM notified Ms. Partain of the formula that would be used to calculate her benefits but did not calculate the amount she would receive for a former spouse survivor annuity. Because Billy Partain was not retired in 1995, when OPM informed Ms. Partain of the formula to be used, section 838.722(a) did not require it to specify the amount of the survivor annuity that Ms. Partain would receive were Mr. Partain to have died immediately thereafter. Thus, the Administrative Judge rejected Ms. Partain's argument that OPM violated its regulation.

When the full board denied Ms. Partain's petition for review, the decision of the Administrative Judge became the final decision of the Board. Ms. Partain timely sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## III

We may only disturb the final decision of the Board if we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000).

Ms. Partain does not challenge the law applied by OPM and the Board that refuses to accept the effect of a state court order relating to a former spouse survivor annuity that is entered after the retirement of the annuitant. She does argue again that she was prejudiced by the failure of OPM to comply with the notice requirements of 5 C.F.R. § 838.722(a). For the reasons stated by the Board, we agree that the regulation does not apply to this case because Billy Partain was not retired at the time OPM communicated with Ms. Partain regarding the formula to be used in calculating her former spouse survivor annuity benefits.

There are no facts in dispute in this case. The only question is whether OPM erred in refusing to alter the former spouse survivor annuity payment to which Ms. Partain is entitled under the terms of the divorce decree. We perceive no error in law in the final decision of the Board, which we therefore affirm.