NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record. The disposition will appear in tables published periodically.

# United States Court of Appeals for the Federal Circuit

04-3363

SHEUE-JAN TSAY,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED: January 14, 2005

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Ms. Sheue-Jan Tsay appeals the decision of the Merit Systems Protection Board, Docket No. SF0752020700-I-1, holding that Ms. Tsay was lawfully removed as unable to perform the essential duties of her job. We <u>affirm</u>.

BACKGROUND

Ms. Tsay was employed as an Electrical Engineer at the Naval Air Warfare Center Weapons Division in China Lake, California, having been a federal employee for 14 years. In 2002, Ms. Tsay asked her psychologist, Dr. Seymour, to submit a report to the Human Resource Department personnel concerning his treatment of her over the preceding four years. Dr. Seymour reported that Ms. Tsay suffered from "increasing anger and anxiety," an "inability to concentrate," and that she has become "increasingly depressed, angry, and anxiety ridden" and had a perception "that she was being monitored every minute." Letter of May 9, 2002 (hereinafter "Psychological Progress Review"). Her symptoms include "extreme anger and frustration, frequent crying episodes, inability to concentrate, obsessional thinking, gastro-intestinal problems, insomnia, feelings of persecution, and increasing social isolation." Dr. Seymour continued, "As the treating psychotherapist, I have recommended that she consider alternative employment as she appears headed for a serious mental breakdown."

With Ms. Tsay's consent, Dr. Seymour then met with agency personnel. Dr. Seymour stated that "she needed a low stress position," a "flexible schedule (morning hours)," "a workplace free from distraction," and "a new supervisor [with] a higher education level than Ms. Tsay." When asked, Dr. Seymour agreed that Ms. Tsay would be better able to concentrate if she had "no performance standards, no deadlines, and no accountability." Report of Meeting of June 6, 2002. The agency determined that accommodation was not possible, and issued a Notice of Decision to Remove Ms. Tsay in August of that year. The Board affirmed the agency decision that Ms. Tsay was unable to perform her job. The

04-3363                                        2

Board rejected Ms. Tsay's defenses of handicap discrimination, discrimination based on reprisal, and discrimination based on sex, national origin, race, and age. This appeal followed. In taking this appeal to the Federal Circuit, Ms. Tsay waived or abandoned the defenses based on discrimination, and argues solely that there was insufficient evidence to support the Board's decision.

## DISCUSSION

This court reviews agency action to determine whether the action was:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
(2) obtained without procedures required by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence.

5 U.S.C. §7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

## I

An agency may act adversely against an employee "only for such cause as will promote the efficiency of the service." 5 U.S.C. §7513(a). The agency must support the reason for the removal with preponderant evidence, and show a nexus between the reason and the efficiency of the service.

There was substantial evidence that Ms. Tsay had a mental condition that rendered her unable to meet the requirements of her position. At Ms. Tsay's request, her treating psychologist disclosed to the Navy that she possessed a mental condition of anger, anxiety, depression, and paranoia, which had increased in intensity over the four preceding years, and that she had an inability to concentrate. Her treating psychologist also stated that Ms.

04-3363 3

Tsay needed more flexible work hours, no deadlines or pressure, and that she would do better with a different supervisor.

There was substantial evidence for the agency's finding that Ms. Tsay's condition adversely affected her performance of the requirements of her position, and that the agency was unable to provide the requested accommodations. On this basis, the agency's action must be affirmed.

## II

Ms. Tsay also argues that the Board deprived her of due process of law when it refused to accept a brief which was mailed on the deadline for receipt and which consequently was received late. Due process is not violated by enforcing deadlines, see James v. Office of Personnel Management, 372 F.3d 1365, 1369 (Fed. Cir. 2004) ("requirements of strict adherence to filing and timing rules are ubiquitous in our legal system"); we also take note that the agency states that her psychologist's reports were before the Board and that she did not request an oral hearing. We discern no violation of due process in the Board's procedure.