NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL DUEWAN PAIT,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3159

---

Appeal from the Merit Systems Protection Board in Case No. PH-0831-10-024I-I-1.

---

Decided: January 11, 2011

---

MICHAEL DUEWAN PAIT, of Edgewater, Maryland, pro se.

JESSICA R. TOPLIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

Before NEWMAN, FRIEDMAN, and LOURIE, *Circuit Judges*.

PER CURIAM.

A pro se retired federal employee challenges the Office of Personnel Management ("OPM")'s refusal to permit him to reduce his wife's survivorship annuity because he had not requested that change within 30 days of the receipt of his first retirement annuity check, as an OPM regulation required. The Merit Systems Protection Board ("Board") upheld OPM's ruling. We affirm.

I

Upon his retirement from government employment in March 2009, the petitioner, Michael Duewan Pait, elected a partial survivor annuity for his wife. That action reduced Pait's retirement annuity. He received his first retirement annuity check in June, 2009.

On October 15, 2009, Pait submitted a request to OPM that his wife's survivor annuity be "eliminated, or reduced to the lowest percentage amount" in order to increase his monthly retirement annuity. Pait's wife submitted to OPM a notarized statement that she was in "full concurrence" with Pait's request.

OPM denied the request. It stated that because Pait's request to change or eliminate his survivor election was made more than 30 days after he had received his first retirement check, under the governing OPM regulation (5 C.F.R. 831.622(a)) he could no longer change his election.

In her initial decision, which became final when Pait did not seek Board review of it, the Board's administrative judge affirmed OPM's decision. The administrative judge stated that the applicable regulation permits an employee to change an election to provide a spousal survivor's annuity by filing with OPM, not later than 30

days after receiving his first annuity check, a new election; and that Pait's attempt to change his annuity, filed more than four months after he received that check, was untimely.

The administrative judge further held that the grounds upon which Pait sought to justify his late filing—that at the time of his retirement his employing agency erroneously had understated the amount by which his annuity would be reduced if he provided a survivor annuity, and that his mental condition at that time precluded him from changing his election within the timeframe—did not excuse his failure to satisfy the regulatory time limit for filing. The administrative judge, after stating that she was "sympathetic" to Pait's "situation" and "difficulties," ruled that "it is well settled that a survivor annuity election is irrevocable, even when it was based on a mistake" and that Pait's "depression and anxiety also do not provide a basis for waiver of the deadline."

## II

The governing statute provides that an employee's retirement annuity is reduced to provide for a survivor's annuity for the spouse

> unless the employee or Member [of Congress] and the spouse jointly waive the spouse's right to a survivor annuity in a written election filed with the [OPM] at the time that the employee or Member retires. Each such election shall be made in accordance with such requirements as the [OPM] shall, by regulation, prescribe, and shall be irrevocable.

5 U.S.C. § 8339(j)(1).

An OPM regulation provides that, with specified exceptions here inapplicable,

> an employee or Member may not revoke or change the election or name another survivor later than 30 days after the date of the first regular monthly payment.

5 C.F.R. § 831.622(a).

Thus, under the statute and regulation, a retired employee's initial election to provide the spouse with a retirement annuity may be changed only if the employee and spouse jointly file with OPM, within 30 days of the receipt of the employee's first retirement check, a request to change the annuity. If such request has not been filed within 30 days, the retired employee's original selection of the spousal retirement annuity is, under the statute, "irrevocable." Pait's selection of a survivor's annuity for his wife, therefore, became irrevocable when he failed to seek to change it within 30 days after receiving his first retirement annuity check in June, 2009.

Pait contends, however, that this court's decision in *James v. Office of Personnel Management*, 372 F.3d 1365 (2004), controls this case and requires reversal of the Board's decision. According to Pait, *James* involved the "identical circumstances" as the present case, but reached the opposite result.

We could summarily dispose of this argument by ruling that, because Pait apparently did not raise the *James* argument before the Board, he cannot raise it on appeal for the first time and we "will not consider the issue." *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998). In the particular circumstances of this case, however, in which Pait proceeded pro se before both the Board and this court and the *James* point appears to be his

major contention on appeal, we deem it appropriate to explain to Pait why his argument fails.

*James* involved a different, although related, statute, which made unreviewable a retired employee's election of a survivorship annuity for a spouse whom the employee married after retirement. James, who was unmarried when he retired, remarried 16 years later and elected a survivorship annuity for his wife. Although he intended to give her the minimum survivor annuity, to make her eligible for health insurance, he erroneously selected the maximum annuity. When James discovered his error, he requested OPM to authorize a new election of a $1 monthly annuity for his wife. OPM declined to do so, and the Board affirmed. They relied on 5 U.S.C. § 8339(k)(2)(A), "which states that the post-retirement election of a survivor annuity is 'irrevocabl[e]' after it is received by OPM." *James*, 372 F.3d at 1367.

This court affirmed. It pointed out that "[t]he statute allowing a retiree to make a post-retirement election of a survivor annuity for a new spouse . . . states that a retiree may 'irrevocably elect' such an annuity 'in a signed writing received in the Office [of Personnel Management],'" *id.* at 1368, and that "[t]he regulation that applies to post-retirement elections provides that those elections become irrevocable when they are received by OPM." *Id.* at 1369 (citing 5 C.F.R. § 831.631(b)(4)(i)). *Id.* at 1369. Although James relied upon the same 30-day regulation involved in this case, this court rejected that argument, because "[t]hat regulation, however, appears to apply only to elections made at the time of retirement." *Id.*

The holding in *James* was that because the statute there made a retired employee's election of his new wife's annuity "irrevocable" after OPM received it, the Board properly rejected James' attempt to change his spousal

survivor's annuity. Indeed, this is an even stronger case than *James* for reaching the same result, since here there is not only the statutory irrevocability provision but also the failure to file within the 30-day regulatory requirement.

Pait relies upon this court's reference in *James* to the Board's footnote statement there in its order denying review of the administrative judge's decision, "that Mr. James would be entitled to have his full retirement benefits restored without any reduction for a survivor annuity if Mr. James's wife filed an irrevocable waiver declining to accept all or part of the survivor annuity," *id.* at 1367 – a ruling "the government ha[d] not contested." *Id.* at 1368 n.1. There are significant differences between this case and *James*, however, that counsel against applying that statement here. A major difference is that here there was not only the irrevocability provision but also the 30-day limit for changing a survivor's annuity, which did not apply in *James*.

In *James* the retired employee intended to provide his wife with only the minimum annuity, but by checking the wrong box on the form he mistakenly gave her the maximum one, thereby reducing his own monthly annuity from $4,159 to $3,019. *Id.* at 1367. In the present case, however, Pait selected the spousal annuity he initially intended, and subsequently changed his mind to provide a lesser annuity because the amount being withheld from his annuity was greater than his employer had estimated. In *James*, the retired employee intended to select a survivor annuity which would result in no reduction in his monthly annuity of approximately $4,159, but mistakenly selected a survivor annuity resulting in a reduction of his monthly annuity of approximately $1,140. *Id.* at 1367. In the present case, Pait contends that he intended to select a survivor annuity which would reduce his monthly

annuity of more than $4,000 by $27, but selected one which reduced it by $68.  Finally, *James* upheld the denial of the retired employee's own attempt to reduce his wife's survivor annuity and merely noted that the Board had suggested that she file with OPM a waiver of her annuity claim.  The present case similarly involves an attempt by the retired employee himself to cancel or reduce the annuity he initially provided for his wife, and does not refer to an independent attempt she might herself make to achieve the same result.

CONCLUSION

The decision of the Board is

**AFFIRMED.**