# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALAN W. CARTER,<br>        Appellant, | DOCKET NUMBER<br>CH-0831-14-0619-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>        Agency, | DATE: March 4, 2015 |
| and | |
| KAREN CARTER,<br>        Intervenor. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan W. Carter, Saint Louis, Missouri, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

Erin M. Zielinski, Esquire, St. Louis, Missouri, for the intervenor.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1     The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed its reconsideration decision regarding the processing of the appellant's amended domestic relations order (DRO). For the reasons discussed below, we GRANT OPM's petition for review, REVERSE the initial decision, and AFFIRM OPM's reconsideration decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant, a former federal employee, submitted his application to commence Civil Service Retirement System (CSRS) retirement benefits in 2010. Initial Appeal File (IAF), Tab 4 at 102-05. The appellant was previously married and divorced during his federal employment. *Id.* at 77, 102. The divorce proceedings produced four documents that are material to this appeal. Those documents are:

(1) a March 3, 1995 Marital Settlement Agreement, *id.* at 62-76;

(2) a March 3, 1995 Family Court Judgment and Decree of Dissolution, *id.* at 77-81;

(3) a June 8, 1995 Domestic Relations Order (1995 DRO), *id.* at 55—61; and

(4) a March 13, 2013 Amended Domestic Relations Order (amended DRO), *id.* at 50-54.

¶3     The appellant's pension was subject to the terms of the 1995 marital settlement agreement which resolved the property rights acquired by each party from the marriage. *Id.* at 63, 65-67. The 1995 DRO was drafted to comply with OPM regulations for apportioning benefits under the CSRS. *Id.* at 55. The 1995 DRO provided that the intervenor would receive a former spouse survivor annuity at the maximum possible amount. *Id.* at 59. The amended DRO was drafted to correct provisions in the 1995 DRO involving CSRS benefits. *Id.* at 51. In

particular, the amended DRO changed the former spouse survivor annuity to provide a "prorata share" based on the duration of the marriage. *Id.* at 52.

¶4      In 2011, OPM notified the appellant that it had processed his former spouse's claim for retirement benefits under the 1995 DRO. *Id.* at 98. The appellant filed the amended DRO with OPM in 2013. *Id.* at 48. OPM notified the appellant that it could not process the amended DRO because the appellant had already retired and because it was not the first order dividing the marital property of the appellant and his former spouse. *Id.* at 48. The appellant requested reconsideration of OPM's decision. *Id.* at 14. OPM issued a reconsideration decision that affirmed its initial decision that it could not process the amended DRO as it related to the survivor annuity benefit. *Id.* at 5. OPM informed the appellant of his right to appeal the decision to the Board. *Id.* at 7.

¶5      The appellant initiated a timely Board appeal challenging OPM's reconsideration decision and requested a hearing. IAF, Tab 1 at 1-6. The administrative judge conducted a conference call with the parties and notified them that the appellant's former spouse must be notified of the appeal and given the right to intervene because the outcome of the appeal would affect her rights and interests under the retirement plan. IAF, Tab 10 at 1, 3. The appellant's former spouse submitted notice of her intent to intervene in the appeal, and the administrative judge granted the request to intervene. IAF, Tabs 12-13. The administrative judge conducted a subsequent conference call with all the parties and reviewed the issues in the appeal. IAF, Tab 14 at 1-3. During the conference call, the appellant withdrew his request for hearing, so the administrative judge set a close of record date for submission of evidence and argument. *Id.* at 3. The intervenor submitted evidence and argument that she agreed with the appellant's argument that the amended DRO properly reflected the intent of the parties' original settlement agreement. IAF, Tab 16 at 3-4.

¶6      The administrative judge issued an initial decision that reversed OPM's reconsideration decision and directed OPM to process the amended DRO as it

related to the survivor annuity. IAF, Tab 17, Initial Decision (ID) at 6-7. The administrative judge found that the language of 5 C.F.R. § 838.806(b) allowed for the processing of the amended DRO because it was issued before the appellant died. ID at 5. The administrative judge reasoned that, because the subsection provided for the alternative of the order being issued either the day prior to retirement or the date of death, OPM could process the amended DRO if the appellant had not died, even though he had retired. ID at 5. In the alternative, the administrative judge found that, if 5 C.F.R. § 838.806(a) applied to the DRO, it was still acceptable for OPM to process. ID at 5. He stated that the amended DRO modified the 1995 DRO which was the second order that divided the marital property. ID at 5-6. Because the amended DRO did not modify the first order dividing the marital property, OPM could process this order. ID at 5-6.

¶7     OPM has filed a timely petition for review on the initial decision. Petition for Review (PFR) File, Tab 1. The appellant has filed a response to OPM's petition for review and seeks an order directing OPM to refund the excess deductions that it took to fund the survivor benefit provided for in the 1995 DRO. PFR File, Tab 2 at 11.

¶8     OPM argues that the administrative judge erred in finding the amended DRO to be acceptable for processing because the appellant retired before the date the court issued the amended DRO. PFR File, Tab 1 at 8. We agree.

¶9     As set forth in 5 U.S.C. § 8341(h), "a former spouse . . . is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for . . . in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree." 5 U.S.C. § 8341(h)(1). Section 8341(h)(4), however, provides that a modification of any such court-approved property settlement agreement dealing with a survivor annuity shall not be effective if the modification is made after the employee dies or retires. 5 U.S.C. § 8341(h)(4). By regulation, OPM has provided that a court order issued after an annuitant's retirement or death and modifying the first order

dividing the marital property is not acceptable for processing. 5 C.F.R. § 838.806(a).

¶10  In his initial decision, the administrative judge provided no case law in support of his determination that the amended DRO could be processed because the appellant had only retired but not died. ID at 5. The facts in the present appeal are similar to those in the case of *Partain v. Office of Personnel Management*, 63 F. App'x 473 (Fed. Cir. 2003). Although *Partain* is an unpublished decision, the Board may rely on unpublished Federal Circuit decisions if it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011). In *Partain*, the federal employee and his spouse were divorced in 1994 and their divorce settlement provided for a survivor annuity for the former spouse. *Partain*, 63 F. App'x at 473. The employee retired in 1999. *Id.* In 2001, the former spouse obtained orders from the divorce court amending the calculation of the survivor annuity, and OPM denied processing the adjustments. *Id.* at 474. The Board found that the 2001 orders were issued after the employee retired, so they were not effective to change the 1994 order that established his former spouse's survivor annuity. *Id.* Our reviewing court affirmed the Board's decision, finding no legal error in the Board's decision. *Id.* at 475.

¶11  In the present appeal, the parties were divorced in 1995, and the appellant retired in 2010. IAF, Tab 4 at 77, 102. The appellant seeks OPM's processing of an amended DRO issued in 2013. *Id.* at 50-53. Therefore, the statutory language found in 5 U.S.C. § 8341(h)(4) and our case law support OPM's argument that the amended DRO cannot be processed because it was issued after the appellant retired.

¶12  In the alternative, the administrative judge also found that the amended DRO would be acceptable for processing under 5 C.F.R. § 838.806(a) because it modified the second order dividing the marital property and not the first order. ID at 5-6. We disagree.

¶13     A "modification" in a decree, order, or agreement referred to in section 8341(h)(1) shall not be effective if the modification is made after the retirement of the employee concerned and "to the extent that such modification involves an annuity under this subsection." 5 U.S.C. § 8341(h)(4); *Lim v. Office of Personnel Management*, 98 M.S.P.R. 173, ¶ 6 (2005). As explained in 5 C.F.R. § 838.806:

> A court order awarding a former spouse survivor annuity is not a court order acceptable for processing if it is issued *after the date of retirement* or death of the employee and *modifies or replaces the first order dividing the marital property* of the employee or retiree and the former spouse.

*Lim*, 98 M.S.P.R. 173, ¶ 6 (quoting 5 C.F.R. § 838.806(a)) (emphasis in original). The amended DRO, regardless of which order the document modifies, runs afoul of the statutory limits in 5 U.S.C. § 8341(h)(4). First, the amended DRO was issued after the appellant retired. *See* 5 U.S.C. § 8341(h)(4)(A). Second, the amended DRO is a modification involving a survivor annuity. *See* 5 U.S.C. § 8341(h)(4)(B). Because the amended DRO is not effective for purposes of modifying the provisions for a survivor annuity under 5 U.S.C. § 8341(h)(4), OPM lacks the discretion to process the amendment. *See Lim*, 98 M.S.P.R. 173, ¶¶ 8, 10.

¶14     Accordingly, we REVERSE the administrative judge's initial decision and AFFIRM OPM's reconsideration decision.[2]

---

[2] We recognize that both parties agree that the terms of the amended DRO reflect the parties' actual intent regarding the survivor annuity for the appellant's former spouse. IAF, Tab 16 at 4. However, because the appellant retired from the federal service prior to correcting the DRO, OPM is barred by statute from processing the amended DRO and the statute contains no provision for amendment due to mutual mistake. *See* 5 U.S.C. § 8341; *cf. James v. Office of Personnel Management*, 372 F.3d 1365, 1369-70 (Fed. Cir. 2004) (declining to invalidate an election of a survivor annuity for a new spouse based on mutual mistake, in part to avoid the uncertainty that could result from allowing introduction of parole evidence contradicting the actual election).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor

warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.