NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANNICE E. CLARK,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2648

---

Petition for review of the Merit Systems Protection Board in No. AT-0353-16-0120-I-1.

---

Decided: February 9, 2017

---

DANNICE E. CLARK, McDonough, GA, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before REYNA, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Petitioner Dannice E. Clark appeals the final decision of the Merit Systems Protection Board ("MSPB") dismissing her appeal for lack of jurisdiction. *See Clark v. U.S. Postal Serv.*, 123 M.S.P.R. 466, 474 (2016). We affirm.

BACKGROUND

Ms. Clark is an employee of the U.S. Postal Service ("USPS"). *Id.* at 469. She alleged that the USPS refused her request to return to duty from April−August 2015 following partial rehabilitation from a work-related injury and, thus, violated her restoration of duty rights. *See generally Clark v. U.S. Postal Serv.*, No. AT-0353-16-0120-I-1, 2015 WL 9282709 (M.S.P.B. Dec. 17, 2015). An Administrative Judge ("AJ") issued an order acknowledging Ms. Clark's petition and directing the parties to follow the procedures set forth. Resp't's App. 25−40. The Order included, inter alia, general information on deadlines for discovery filings. *Id.* at 27. The AJ also issued a separate order directing both parties to file evidence to prove the MSPB's jurisdiction over the restoration claim within fifteen calendar days. *Id.* at 50; *see id.* at 42−50.

Neither party responded to the Order on jurisdiction, and the AJ dismissed the case for lack of jurisdiction, finding that Ms. Clark failed to plead non-frivolous allegations in her complaint. *Id.* at 14. The MSPB affirmed the AJ's findings. *Clark*, 123 M.S.P.R. at 471−74. Ms. Clark appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

We must affirm final decisions of the MSPB unless they are "not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1), (3) (2012). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938) (citations omitted). We review determinations of the MSPB's jurisdiction de novo as questions of law and underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

## II. The MSPB Properly Held that It Lacked Jurisdiction

Employees who are partially recovered from a compensable injury do not have an unconditional right to restoration of their agency positions. *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1103 (Fed. Cir. 2011). Rather, they have "a right to have the agency make every effort to restore them in the local commuting area and according to the circumstances in each case." *Id.* (internal quotation marks and citation omitted). "[A]n appellant who initiates an appeal [with respect to restoration duties] must make nonfrivolous allegations . . . with regard to the substantive jurisdictional elements applicable . . . ." 5 C.F.R. § 1201.57(b) (2015); *see id.* § 1201.57(a)(4). Nonfrivolous allegations are defined as those which are "more than conclusory," "plausible on [their] face," and "material to the legal issues in the appeal." *Id.* § 1201.4(s)(1)−(3). The applicable substantive jurisdictional elements are

> (1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on a part time basis or in a less physically demanding position; (3) agency denial of a request for restoration; and (4) denial of restoration [was] rendered arbitrary and capricious by agency failure to perform its obligations . . . .

*Bledsoe*, 659 F.3d at 1104. We have stressed that, "[b]ecause partially recovered employees do not have an unconditional *right* to restoration, they do not have the right to appeal every *denial* of restoration." *Id.* at 1103. Only when the substantive jurisdictional elements are nonfrivolously alleged will a right to appeal be found.

The MSPB found that Ms. Clark failed to plead non-frivolous allegations with respect to the fourth required element—showing that the USPS's denial was arbitrary and capricious. *Clark*, 123 M.S.P.R. at 472. In so finding, the MSPB clarified that, to make a non-frivolous allegation, a petitioner must present material that is more than "vague, conclusory, or unsupported allegation, such as one that essentially repeats the legal standard." *Id.* at 471. The MSPB found that Ms. Clark "failed to assert any facts in support of [her] allegation[s]," including identification of specific provisions in the collective bargaining agreement ("CBA") that were allegedly violated, and that she "merely presented pro forma allegations that the [USPS]'s denial was arbitrary and capricious." *Id.* at 472.

On appeal, Ms. Clark presents four statements from her Complaint that she claims are non-frivolous allegations that the USPS's actions were arbitrary and capricious: (1) she worked for five hours after she had been approved for limited return to work and was instructed to return home because the USPS could not accommodate her disability; (2) the USPS refused to offer her reasonable accommodation of her disability; (3) the refusal violated provisions of her CBA; and (4) the union noted that she had actually worked the full five hours on April 13, 2015 prior to being sent home. Pet'r's Br. 7−8.

These four statements, however, do not present any specific facts or plausible assertions that would prove the USPS acted arbitrarily or capriciously towards Ms. Clark. As we have held, we will not "foist jurisdiction upon the [MSPB] over appeals brought by partially recovered petitioners who do not even *allege* that they did not receive the requisite 'effort to restore,'" for "[t]he [MSPB] would then have jurisdiction to decide the merits of a . . . claim that does not actually exist." *Bledsoe*, 659 F.3d at 1104. Ms. Clark does not allege that the work she performed on April 13, 2015 was part of a restoration of duties that had been sanctioned by the USPS or that

there was an available position that she was denied. She has offered no plausible explanation for the refusal to accommodate her restoration request, other than her supervisor's April 13, 2015 statement that the USPS did not at that time "have adequate work within her limitations." Pet'r's Br. 8 (capitalization omitted). This statement, without more, does not show arbitrary or capricious behavior. Although Ms. Clark now identifies specific articles of the CBA that she claims were violated, *id.*, this level of specificity was not alleged in the Complaint, *see Clark*, 123 M.S.P.R. at 472 (acknowledging that Ms. Clark's Complaint "did not identify any restoration obligation contained [in the CBA] that the [USPS] violated or explain how it did so"); *see Clark v. Merit Sys. Prot. Bd.*, Docket No. 11-2, at 92 (Fed. Cir. Oct. 27, 2016). We will not review arguments presented for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

### III. The MSPB Properly Upheld the AJ's Determinations Related to Procedural Deadlines

Ms. Clark makes two additional arguments related to the MSPB's review of the AJ's decisions concerning filing deadlines and time accorded for discovery, i.e., internal administrative deadlines. We review MSPB determinations of AJ orders concerning docket management for substantial evidence under 5 U.S.C. § 7703(c). *See Azarkhish v. Office of Pers. Mgmt.*, 915 F.2d 675, 677 (Fed. Cir. 1990) (framing the issue for review as "[w]hether there is substantial evidence to support the AJ's finding that petitioner was not prevented by circumstances beyond her control from timely requesting reconsideration of [an agency]'s dismissal of her application").

First, Ms. Clark avers that the MSPB improperly found that she had not established good cause for an untimely filing. Pet'r's Br. 4−6. Although jurisdictional

responses were due within fifteen days of the AJ's Order, Ms. Clark alleged that a host of mitigating factors supported her request for additional time to file a response. *Id.* at 4−5 (listing sixteen mitigating factors). She argues that the MSPB erred in only considering certain mitigating factors in its decision. *Id.* at 6; *see Clark*, 123 M.S.P.R. at 473.

The MSPB elaborated upon its decision to dismiss Ms. Clark's argument with respect to improper dismissal on the factors related to the heavy workload of Ms. Clark's attorney and "competing time demands," including holidays. *Clark*, 123 M.S.P.R. at 473; *see id.* (stating that Ms. Clark's counsel alleged "*a number of factors including* a death in his family, the Thanksgiving holiday, and a busy workload" (emphasis added)). To reach the conclusion that Ms. Clark prefers, we would have to reweigh the evidence, which we may not do on appeal. *See Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016) ("Under the substantial evidence standard of review, we do not reweigh evidence on appeal." (internal quotation marks, brackets, and citation omitted)).

Ms. Clark also alleges that other factors show good cause for the untimely filing of jurisdictional responses. Specifically, Ms. Clark points to the fact that the AJ advised her counsel sometime after December 8, 2015 to contact opposing counsel to discuss a potential request for additional time to file and that Ms. Clark's counsel did so on December 18, 2015, at which time opposing counsel stated he did not object to a grant of additional time to file. Pet'r's Br. 6.

Substantial evidence supports the MSPB's findings as to other factors. The AJ noted that he received a call from Ms. Clark's counsel on December 8, 2015 informing him that counsel planned to file a motion to file an untimely jurisdictional response. Resp't's App. 14 n.1. However,

the AJ also noted that the record on jurisdiction closed on December 14, 2015. *Id.* As the MSPB explained, Ms. Clark has not shown that the delay in filing was excusable under the circumstances leading up to the December 14 due date, a fact that Ms. Clark does not contest. *See generally* Pet'r's Br. Nor has she shown, in accordance with the terms of the Order, that the "evidence or argument" she seeks to admit after the record closed was "new and material evidence that was unavailable before the record closed." Resp't's App. 50; *see Azarkhish*, 915 F.2d at 676 (upholding an AJ's dismissal of a case on similar grounds). As we have stated, "requirements of strict adherence to filing and timing rules are ubiquitous in our legal system." *James v. Office of Pers. Mgmt.*, 372 F.3d 1365, 1369 (Fed. Cir. 2004). Moreover, the fact that Ms. Clark's counsel informed the AJ that he would be seeking to file a motion for untimely filing does not change this result because counsel then failed to file the motion before the closure of the record on jurisdiction on December 14.

Second, Ms. Clark argues that the MSPB incorrectly upheld the AJ's determination that she was not prevented from exercising her right to discovery. Pet'r's Br. 1–4. Instead, she claims that the AJ "prevented [her] from exercising her right to conduct discovery" when he set the time for filing jurisdictional submissions to end prior to the deadline for filing discovery. *Id.* at 2.

The MSPB found that, although Ms. Clark did have a right to discovery, her "failure to avail herself of th[e] opportunity [to conduct discovery]" was not reversible error by the AJ. *Clark*, 123 M.S.P.R. at 474. The MSPB noted that, in agency proceedings, there is "an expectation that the parties will start and complete discovery with minimum [MSPB] intervention." *Id.* (citations omitted).

Jurisdiction is a "threshold requirement" at the MSPB. *Bledsoe*, 659 F.3d at 1102 (citation omitted). "Because the [MSPB]'s jurisdiction is limited rather than

plenary . . . , it is crucial to identify at the outset the jurisdictional requirements of any given appeal." *Id.* Recognizing these principles, we agree that the MSPB's affirmance of the AJ's procedural deadline was supported by substantial evidence. Regardless of the deadline for initiating discovery, it was not only well within the AJ's purview but was required of him to address jurisdiction before proceeding to discovery on the merits. Addressing jurisdiction as a preliminary matter is also made clear in the Order laying out the deadlines for discovery. The Order states that only "[i]f [Ms. Clark's] appeal is . . . within the [MSPB]'s jurisdiction" shall she have the right to a hearing or a filing of written submissions which may be supported by facts learned during discovery. Resp't's App. 25, *see id.* at 25–27.

## CONCLUSION

We have considered Ms. Clark's remaining arguments and find them unpersuasive. For these reasons, the Final Decision of the Merit Systems Protection Board is

## **AFFIRMED**

### COSTS

Each party shall bear its own costs.